## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

UNITED STATES,

     Plaintiff

     v.

ADAM MACK

     Defendant

**CRIMINAL ACTION**

**CASE NO.  2:14-CR-137-DBH**

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, by and through counsel Norman, Hanson & DeTroy, LLC, submits his Memorandum in Aid of Sentencing.

The relevant sentencing facts are largely undisputed and the issue presented to this Court is the appropriate sentence to be imposed on Mr. Mack based upon the factors set forth in 18 U.S.C. § 3553.  In the companion supervised release matter, the Government and Mr. Mack have agreed to a joint recommendation of a four-month sentence consecutive to any sentence imposed in the above-captioned matter.  *United States v. Mack*, Docket No. 12-CR-139.

In the initial presentence report, the probation officer determined that Mr. Mack had a criminal history category II and total offense level of 9, which resulted in an advisory guideline sentence range of 6-12 months.  *PSR ¶¶ 49, 52 & 73*. Following the issuance of the presentence report, Mr. Mack objected to the grouping analysis, and a number of minor factual issues.  These minor factual

issues were resolved in the Revised Presentence Report and Mr. Mack's grouping analysis was adopted.

Although Mr. Mack's grouping analysis was adopted in the Revised Presentence Report, the probation officer, without any objection from the Government, recommended that Mr. Mack not receive a decrease of three levels under United States Sentencing Guideline § 2L2.1(b)(1). *PSR at ¶ 38, RPSR at 27.* The probation officer also revised the report to recommend that Mr. Mack not receive any adjustment for acceptance of responsibility based upon the conduct that formed the basis for the companion petition for revocation of supervised release. Based upon these revisions, the Revised Presentence Report recommended a total offense level of 11, which results in an advisory guideline range of 10-16 months based on a criminal history category II.

Following the issuance of the Presentence Report, the Government objected to certain factual statements that did not affect any guideline issues, and requested that information regarding the pending petition for revocation of supervised release be included in the Revised Presentence Report. All of these issues were resolved in the Revised Presentence Report.

The disputed guideline issues are whether Mr. Mack is entitled to a two-level downward adjustment for acceptance of responsibility and whether Mr. Mack is entitled to a three-level decrease on the grounds that the offense was committed for other than profit pursuant to USSG § 2L2.1(b)(1).

I.    **Mr. Mack has accepted responsibility for his conduct and this Court should adjust his Base Offense Level pursuant to USSG § 3E1.1(a).**

Mr. Mack admits that he violated the terms of his supervised release and has agreed with the Government to a sentence of imprisonment of four months consecutive to any sentence imposed in the above-captioned matter. However, any suggestion that he was attempting to avoid restitution obligations to Minat Corporation is not accurate. Minat Corporation was run by Mr. Mack, and essentially Mr. Mack was paying restitution to his grandmother through Minat Corporation. Mr. Mack concedes that he violated the terms of his supervised release, but any violation was not an attempt to avoid his restitution obligations.

This Court should also consider that almost all of Mr. Mack's supervised release violations arose prior to his plea in the above-captioned case and after his plea, he provided bank records that confirmed his violations. Mr. Mack takes responsibility for his actions. This Court should exercise its discretion and find that Mr. Mack has accepted responsibility for this offense and apply a two-level downward adjustment.

II.   **Mr. Mack is entitled to a three-level downward adjustment pursuant to USSG § 2L2.1(b)(1) on the grounds that his offense was committed for other than profit.**

The Government's position is that since Mr. Segal was paid $800 for Segal's role in the marriage fraud, Mr. Mack's offense conduct was commitment for profit. In the present case, there is no dispute that "Mack did not receive any money himself for remuneration in connection with the Shevchenko and Segal

wedding." *RPSR at ¶ 13*.  The mere fact that Mr. Segal may have received money does not lead to the conclusion that Mr. Mack committed the offense for profit.[1]

Under § 2L2.1(b)(1), the issue is not whether Segal received any money, but rather whether Mr. Mack committed the offense "other than for profit."  There is a dearth of reported cases analyzing this guideline section, but the common theme of the reported decisions was the defendant's actual receipt of money.  *See, e.g., United States v. Serunjogi*, 767 F.3d 132, 143 (1st Cir. 2014) (defendant not entitled to downward adjustment where he received a large amount of cash); *United States v. Buenrostro-Torres*, 24 F.3d 1173, 1175 (9th Cir. 1994) (district court found that defendant was given money for false documents).

In the present case, Mr. Mack acted out of a misguided desire to help Ms. Schevchenko remain in the United States.  There is no excuse for Mr. Mack's actions, however this offense was not committed for profit.  In fact, Mr. Mack went out of his way to assist Ms. Schevhenko financially and through housing assistance.  Again, Mr. Mack acknowledges his behavior was wrong, but his motive was never to make a profit or receive any money whatsoever.

---

[1]      Application Note 1 provides:

> "The offense was committed other than for profit" means that there was no payment or expectation of payment for the smuggling, transporting or harboring of any unlawful aliens.

In the present case, there is no allegation of smuggling, transporting or harboring, but merely an allegation of officiating a fraudulent marriage.  The Court may also resolve this issue by finding that a three-level reduction would be appropriate to take into account the actual offense conduct under 18 U.S.C. § 3553(a)(1).

Based on the foregoing arguments, Mr. Mack's total offense level is 6, his criminal history is category II, and his advisory guideline range is 1-7 months, which will be followed by a consecutive four-month term of imprisonment for the supervised release violation.

Dated at Portland, Maine this 17th day of August, 2015.

/s/ Thomas S. Marjerison
Thomas S. Marjerison, Esq.
Attorney for Defendant Adam Mack

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
207-774-7000
tmarjerison@nhdlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on August 17, 2015, I electronically filed Defendant Adam Mack's Memorandum in Aid of Sentencing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following:

Darcie McElwee, AUSA
U.S. Attorney's Office
District of Maine
100 Middle Street Plaza
Portland, ME 04101
Darcie.Melee@usdoj.gov

          /s/ Thomas S. Marjerison
          Thomas S. Marjerison, Esq.
          Attorney for Defendant Adam Mack

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
207-774-7000
tmarjerison@nhdlaw.com